**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5172**

UNITED STATES OF AMERICA,

 Plaintiff – Appellee,

 v.

CHAD MICHAEL SPAUR,

 Defendant – Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:09-cr-00051-JPB-DJJ-1)

Submitted:  August 13, 2010      Decided:  September 14, 2010

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Sherman L. Lambert, Sr., THE LAW OFFICES OF SHERMAN L. LAMBERT,
SR., PLLC, Shepherdstown, West Virginia, for Appellant.  Betsy
C. Jividen, Acting United States Attorney, Erin K. Reisenweber,
Assistant United States Attorney, Martinsburg, West Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chad Michael Spaur pled guilty pursuant to a plea agreement to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced him to 146 months of imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred in making factual findings at sentencing. Spaur was informed of his right to file a pro se supplemental brief but has not done so. The Government responds by relying on Spaur's waiver of appellate rights and moving to dismiss the appeal. We affirm the judgment below in part and dismiss the appeal in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Spaur knowingly and voluntarily waived the right to appeal any sentence within the statutory maximum. Spaur's 146-month sentence is within the applicable twenty-year statutory maximum. 21 U.S.C. § 841(b)(1)(C) (2006). Moreover, the issue raised on appeal is a sentencing issue within the scope of the waiver. We therefore grant, in part, the Government's motion to dismiss, which is set forth in its brief, and dismiss Spaur's appeal of his sentence.

Although the waiver provision in the plea agreement precludes our review of Spaur's sentence, it does not affect our review of any errors in Spaur's conviction that may be revealed by our review pursuant to Anders. The transcript of the plea colloquy discloses that the district court fully complied with the mandates of Rule 11 in accepting Spaur's guilty plea. The district court ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, as the record reveals no infirmity in the entry of Spaur's guilty plea, we affirm his conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues not covered by the plea agreement's waiver of appellate rights. We therefore affirm Spaur's conviction and dismiss the appeal of

3

his sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4